# EXHIBIT A

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| **DCA HADLEY LTAC, LLC dba BRIDGEPOINT HOSPITAL NATIONAL HARBOR,** 4601 Martin Luther King Jr. Avenue SW, Washington, DC 20032,<br><br>Plaintiff,<br><br>v.<br><br>**HEALTHKEEPERS INC.,** 2015 Staples Mill Road, Richmond, VA 23230,<br><br>Defendant. | Civil Action No. <u>2020 CA 003</u>121 B |

## COMPLAINT

**(Damages for Breach of Contract, Quantum Meruit and Unjust Enrichment)**

Plaintiff DCA Hadley LTAC, LLC, a Delaware limited liability company doing business as BridgePoint Hospital National Harbor, (hereinafter, "Plaintiff") hereby alleges against Defendant Healthkeepers Inc., a Virginia corporation, (hereinafter, "Defendant") as follows:

### I. PARTIES.

1. At all times relevant, Plaintiff was and still is a limited liability company with its principal place of business at 4601 Martin Luther King Jr. Avenue SW, Washington, District of Columbia 20032.

2. Plaintiff operates a long-term acute care hospital facility located in Washington, District of Columbia (hereinafter, the "Facility").

1

3. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendant was and is a Virginia corporation with an address at 2015 Staples Mill Road, Richmond, Virginia 23230.

4. Plaintiff is informed and believes and thereon alleges that Defendant is a managed health care company that provides health insurance to its insured members.

## II. JURISDICTION.

5. This is an action for collection of a contract debt under the laws of the District of Columbia.

6. This Court has subject jurisdiction over this matter pursuant to D.C. Code section 11-921 and personal jurisdiction over Defendant pursuant to D.C. Code section 13-423(a)(1).

## III. GENERAL FACTUAL ALLEGATIONS.

7. On or about October 9, 2019, December 17, 2019, January 16, 2020, and February 7, 2020, Plaintiff and Defendant entered into written Single Case Agreements (collectively, the "Agreement") for Plaintiff's provision of inpatient long-term acute care medical services to a specific individual[1] insured by Defendant (the "Insured") at the rate of Two Thousand, Two Hundred Dollars ($2,200) per day of the Insured's admission at the Facility.

8. The Insured was admitted to Plaintiff's Facility on October 9, 2019 through December 7, 2019, and then on December 17, 2019 through May 8, 2020 (collectively, the "Admissions").

---

[1] The specific name of the insured is not set forth in this Complaint to comply with the Health Information Portability and Accountability Act, and protect the Insured's protected health information.

9. Defendant specifically authorized Plaintiff's provision of long-term acute care medical services to the Insured through at least February 3, 2020.

10. Since February 3, 2020, despite numerous attempts by Plaintiff to discharge the Insured from the Facility, Plaintiff has not been able to safely discharge the Insured from the Facility due the Insured's medical condition. The Insured's medical condition does not allow the Insured to be safely discharged home. Further, despite extensive efforts by both Plaintiff and Defendant, neither Plaintiff nor Defendant has been able to identify a medically appropriate alternative facility that will accept the Insured and to which Defendant is willing to authorize transfer of the Insured. Because the Insured cannot be safely discharged home or transferred to a medically appropriate alternative facility, the Insured's admission at the Facility since February 3, 2020 remains medically necessary.

11. Defendant did not deny authorization for the Insured's admission at the Facility following February 3, 2020, or give Plaintiff any notice that it intended to deny such authorization, until on or about April 17, 2020. Accordingly, in continuing to provide long-term acute care medical services to the Insured between February 3, 2020 and April 17, 2020, Plaintiff relied on the Agreement and Defendant's prior authorizations for Plaintiff to provide services to the Insured.

12. On or about May 14, 2020, Plaintiff submitted a written demand to Defendant for payment for the Insured's Admissions.

13. On or about June 23, 2020, Plaintiff submitted a final written demand for payment for the Insured's Admissions.

14. Defendant has failed to pay for the Admissions as agreed-upon or any portion thereof.

15. Defendant has also failed to pay Plaintiff for the long-term acute care medical services rendered to the Insured in connection with the Insured's Admission at the Facility, for which Defendant is financially responsible.

16. As a result of Defendant's failure to remit payment for the Insured's admission at the Facility, Plaintiff has been damaged in an amount to be proven at the time of trial hereof, but currently believed to be at least Four Hundred Eighteen Thousand Dollars ($418,000).

17. Plaintiff has also been required to employ the services of the Law Offices of Cyndi K. Wong to seek remittance of payment for the Insured's admission from Defendant and to prosecute this action, and seeks recovery for such attorneys' fees and court costs.

## IV. COUNT ONE – BREACH OF CONTRACT.

18. Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 17 above as though set forth fully herein.

19. Defendant breached the Agreement by failing to pay the agreed-upon rate for the Insured's admission at the Facility set forth in the Agreement within a reasonable time period after services were rendered to the Insured.

20. Specifically, Defendant failed to pay Plaintiff for the Insured's admission at the Facility from October 9, 2019 through December 7, 2019, and then from December 12, 2019 through February 3, 2020, the period for which Defendant specifically authorized the Insured's admission at the Facility. Defendant further failed to pay Plaintiff for the Insured's admission at the Facility from February 3, 2020 to April 17, 2020, a period during which the Insured could not be safely discharged from the Facility and Plaintiff relied on the Agreement and Defendant's prior authorizations to continue providing care to the Insured. Finally, Defendant failed to pay BridgePoint for care rendered to the Insured from April 17, 2020 through May 8, 2020, a period when the Insured still could not be safely discharged from the Facility.

21. Plaintiff has performed all conditions and covenants required of Plaintiff under the Agreement, except those prevented by Defendant's conduct.

22. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount to be proven at the time of trial hereof, but currently believed to be no less than Four Hundred Eighteen Thousand Dollars ($418,000).

23. Plaintiff has also been required to employ the services of the Law Offices of Cyndi K. Wong to seek remittance of payment for the Insured's admission from Defendant and to prosecute this action, and seeks recovery for such attorneys' fees and court costs.

## V. COUNT TWO – QUANTUM MERUIT.

24. Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 23 above as though set forth fully herein.

25. If the Court does not find for Plaintiff on Count One, Plaintiff pleads in the alternative that it is entitled to recover from Defendant in quantum meruit.

26. During the course of the Insured's admission at the Facility with Defendant's knowledge, Plaintiff provided valuable medical care and services to the Insured for which Defendant is financially responsible.

27. Defendant accepted Plaintiff's valuable medical care and services to the Insured, for which Defendant is financially responsible, by initially authorizing the Insured's admission to Plaintiff's Facility and then, following February 3, 2020, refusing transfer of the Insured to another facility at a time when Defendant knew the Insured could not be safely discharged home.

28. Defendant has failed to pay Plaintiff for the valuable care and services provided by Plaintiff to Defendant's Insured.

29. Plaintiff and Defendant entered into the Agreement for Plaintiff's provision of long-term acute care medical services to Defendant's Insured at the rate of $2,200 per diem payable by Defendant. The Agreement thus clearly placed Defendant on

notice that Plaintiff expected to be paid for its medical services rendered to Defendant's Insured.

30. The value of Plaintiff's uncompensated services to Defendant's Insured will be proven at the time of trial hereof but is currently believed to be no less than Four Hundred Eighteen Thousand Dollars ($418,000).

## VI. COUNT THREE – UNJUST ENRICHMENT.

31. Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 30 above as though set forth fully herein.

32. If the Court does not find for Plaintiff on Counts One or Two, Plaintiff pleads in the alternative that it is entitled to recover from Defendant on the basis that Defendant would be unjustly enriched if permitted to benefit from Plaintiff's provision of valuable services to Defendant's Insured without making payment to Plaintiff therefor.

33. Plaintiff conferred a benefit on Defendant by providing medical care and services to Defendant's Insured for which Defendant is financially responsible.

34. Defendant has retained the benefit of Plaintiff's provision of medical care and services to Defendant's Insured for which Defendant is financially responsible without making payment therefor.

35. Defendant has been unjustly enriched (and Plaintiff has suffered a corresponding loss) on account of the uncompensated care and services provided by Plaintiff to Defendant's Insured in an amount to be proven at the time of trial hereof but currently believed to be at least Four Hundred Eighteen Thousand Dollars ($418,000).

///

///

///

## VII.  PRAYER.

WHEREFORE, Plaintiff DCA Hadley LTAC, LLC doing business as BridgePoint Hospital National Harbor prays for judgment against Defendant Healthkeepers Inc. as follows:

(a) for money damages as set forth herein and as proven at trial;

(b) for pre- and post-judgment interest as permitted by contract or law;

(c) for Plaintiff's attorneys' fees and costs; and

(d) for such other and further relief as the Court deems proper.

Dated: July 14, 2010                Respectfully submitted,

*[signature]*

Cyndi K. Wong (D.C. Bar No. 1031302)
Law Offices of Cyndi K. Wong,
A Professional Corporation
790 East Colorado Boulevard, 9th Floor
Pasadena, CA 91101
Telephone: (626) 240-0866
Facsimile: (626) 240-0867
Email: cwong@cyndikwong.com
*Attorney for Plaintiff DCA Hadley LTAC, LLC dba BridgePoint Hospital National Harbor*



Filed
D.C. Superior Court
07/15/2020 16:58PM
Clerk of the Court

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

DCA Hadley LTAC, LLC dba BridgePoint Hospital National Harbor
_____
Plaintiff
vs.

Case Number  2020 CA 003121 B

Healthkeepers Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| | |
|---|---|
| Cyndi K. Wong, Esq. | *Clerk of the Court* |
| Name of Plaintiff's Attorney | |
| 790 East Colorado Boulevard, 9th Floor | By _____ |
| Address | Deputy Clerk |
| Pasadena, CA 91101 | |
| (626) 240-0866 | Date  07/15/2020 |
| Telephone | |

如需翻译,请打电话 (202) 879-4828  Veuillez appeler au (202) 879-4828 pour une traduction  Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오  ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]  Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante
contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

_____
Dirección

Por: _____
                               Subsecretario

_____

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

통역을 원하시면 (202)879-4828 로 전화해주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                       Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

| | |
|---|---|
| DCA Hadley LTAC, LLC dba BridgePoint Hospital National Harbor | Case Number: __2020 CA 003121 B__ |
| vs | Date: _____ |
| Healthkeepers Inc. | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* Cyndi K. Wong, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Offices of Cyndi K. Wong, A.P.C. | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: (626) 240-0866   Six digit Unified Bar No.: 1031302 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury  ☒ 6 Person Jury  ☐ 12 Person Jury
Demand: $418,000, plus interest, fees and costs    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar#: _____

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                COLLECTION CASES

☒ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty            ☐ 17 OVER $25,000 Pltf. Grants Consent  ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument         ☐ 27 Insurance/Subrogation              ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent       Over $25,000 Consent Denied
☐ 13 Employment Discrimination     ☐ 07 Insurance/Subrogation              ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees            Under $25,000 Pltf. Grants Consent      Under $25,000 Consent Denied
                                   ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile            ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion            ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy                    ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                          Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference                 ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution                  ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal                      ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,           ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)                         ☐ 23 Tobacco
                                                                                ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/ Cynda King_ 

Attorney's Signature

July 14, 2020

Date



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

DCA HADLEY LTAC, LLC
   Vs.                                      C.A. No.     2020 CA 003121 B
HEALTHKEEPERS, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                      Chief Judge Robert E. Morin

Case Assigned to:  Judge FLORENCE Y PAN
Date:  July 15, 2020
Initial Conference: 9:30 am, Friday, October 16, 2020
Location:  Courtroom 415
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

                                                                                         CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

# AFFIDAVIT OF PROCESS SERVER

### Superior Court of the District of Columbia
### Civil Division

DCA Hadley LTAC, LLC dba Bridgepoint Hospital National Harbor

    Plaintiff(s)

vs.

Healthkeepers, Inc.

    Defendant(s).

Attorney: Cyndi K. Wong
Law Offices of Cyndi K. Wong
380 14th Street #408
San Francisco CA 94103

*256380*

RECEIVED
Civil Clerk's Office
JUL 3 1 2020
Superior Court of the
District of Columbia
Washington, D.C.

Case Number: 2020CA003121B

Legal documents received by Same Day Process Service, Inc. on 07/20/2020 at 2:56 PM to be served upon Healthkeepers, Inc., by serving CT Corporation System at 4701 Cox Rd., #285, Glen Allen, VA 23060

I, James Anderson, swear and affirm that on July 21, 2020 at 2:12 PM, I did the following:

Served Healthkeepers, Inc., by serving CT Corporation System by delivering a conformed copy of the Summons; Complaint; Information Sheet; Initial Order and Addendum to Teresa Brown as Authorized Agent of Healthkeepers, Inc., by serving CT Corporation System at 4701 Cox Rd., #285, Glen Allen, VA 23060.

**Description of Person Accepting Service:**
Sex: Female Age: 40's Height: 5ft4in-5ft8in Weight: Over 200 lbs Skin Color: African-American Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

James Anderson
Process Server

Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005
(202)-398-4200
info@samedayprocess.com

Internal Job ID: 256380



State/Commonwealth of
☐ City ☑ County of Chesterfield
Subscribed and sworn to before me by the affiant who is peronsally known to me.

Notary Public

7/21/2020     9-30-24     347270
Date     Commission Expires     Reg. No.

*Jessica F. Starke, Notary Public, Reg. #347270, My Commission Expires 09/30/2024, Commonwealth of Virginia*

# Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*<u>As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.</u>*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

    Katie Bush        Teresa Brown        Jessica Fitzgerald

This authorization does not certify the receipt or acceptance of any specific process

_____
Teresa Brown
Team Leader
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Teresa Brown, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 30th day of April, 2018.

_____
Notary Public

[Notary Seal: LISA D. CHRISTIAN, NOTARY PUBLIC, MY COMMISSION NUMBER 7510278, COMMONWEALTH OF VIRGINIA]